LIZZIE ETTA BUETTNER, RESPONDENT v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—144 S. W. (2d) 864.

Kansas City Court of Appeals.    November 18, 1940.

654

*Roy McKittrick*, Attorney-General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney-General, for appellant.

*Melvin J. Duvall* for respondent.

SPERRY, C.—Lizzie Etta Buettner, whom we shall refer to as claimant, was on the old age assistance roll and was removed therefrom in June, 1939. Thereafter, in October, 1939, a hearing was held by the State Social Security Commission, hereinafter referred to as the Commission, on the question of restoring claimant to the rolls. The Commission made and entered the following finding and award:

"That the claimant has income, resources, support and maintenance to provide a reasonable subsistence compatible with decency and health and is not found to be in need. Therefore, claimant does not come within the purview of the statute and application for old age assistance is denied."

From this award claimant duly appealed to the circuit court, where the award of the Commission was disapproved and the cause was remanded to the Commission for redetermination. From that judgment the Commission appeals.

If claimant, at the time this cause was heard by the Commission, had:

". . . earning capacity, income, or resources, whether such income or resources, is received from some other person or persons, gifts or otherwise, sufficient to meet his needs for a reasonable subsistence compatible with decency and health. . . .," the award of the Commission should have been sustained by the circuit court. In determining that issue the circuit court was limited to a review of the evidence before the Commission. [Johns v. State Social Security Commission, 143 S. W. (2d) 611, l. c. 164.]

The evidence before the Commission established the following facts without contradiction:

Claimant is about 73 years of age and owns no property excepting $100 and the accumulated income therefrom, probably not exceeding a total of more than $200; that she has no income from her own resources excepting what she may receive from the above-mentioned

sum of money; and that she has resided in the state for more than sixteen years. If that were all of the evidence she would, no doubt, be entitled to receive assistance.

But the evidence further established that she now lives in the home of her daughter and son-in-law, where she receives food, clothing, shelter and other necessities. The residence is owned by the son-in-law and is assessed at about $3500. The income of the son-in-law is $147 per month. The only other dependent of the daughter and son-in-law is a nine year old son who also lives in the home. Claimant has resided with, and has been supported by, her daughter and son-in-law for a period of about sixteen years. There was no evidence tending to show that the son-in-law owed any debts, other than current bills, with the exception of an account of some $500 for repairs on the home, which was being paid at the rate of $8 per month. Testimony offered by the Commission tended to establish that the family budget was well within the income of the son-in-law, who did not testify. Claimant's daughter, however, testified that her husband had stated that he did not feel obligated to provide for claimant any longer, and that he had said that he would not do so.

Under the statutes relative to old age assistance, as the same existed prior to the amendments of March 7, 1939 (Laws Missouri, 1939, page 735, et seq.), we held that an applicant could not be barred from benefits solely because he was then receiving gratuitous support from a relative or friend. [Moore v. State Social Security Commission, 122 S. W. (2d) 391, l. c. 394.] We also there held that an adult child is not legally liable for the support of a parent, and that the willingness or unwillingness of such a child to support a parent was not material in determining the legal right of an applicant to receive old age assistance.

But following that and other decisions of similar import, rendered by our appellate courts, the Legislature amended the statutes. [Laws Missouri, supra.] Subsection 6 of section 11, Laws Missouri, 1939, page 739, which is now controlling on the question here involved, is quite different in its language and meaning from what it was prior to the amendment. It provides that an applicant is not eligible to receive benefits if he "has . . . income, or resources, *whether such income or resources is received from some other person or persons, gifts or otherwise, sufficient to meet his needs. . . :*" (Italics ours.) In Moore v. Social Security Commission, supra, l. c. 394, we said that the wisdom of the law, as it then existed, was a question for the consideration of the Legislature and not the courts. The Legislature has amended the law with respect to the very matter we there discussed. Whether or not the manner in which the Legislature acted was wise or unwise, or whether the personnel of this court would have favored the amendment, is not a question with which the court is concerned. It is for the court to ascertain and declare the intention

of the Legislature as the same is expressed in the language of the statute. That intention is clearly expressed in the language quoted. [Johns v. State Social Security Commission, *supra*, l. c. 165.]

We hold that the evidence before the Commission and the circuit court clearly established that claimant then had income and resources "sufficient to meet his needs for a reasonable subsistence compatible with decency and health." It is not permissible to anticipate future contingencies that may or may not occur. The judgment of the circuit court is reversed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed. *Shain, P. J.,* and *Bland, J.,* concur; *Cave, J.,* not sitting.