Charles H. Parks, (Claimant), Respondent, v. State Social Security Commission of Missouri, Appellant.—160 S. W. (2d) 823.

Kansas City Court of Appeals.   April 6, 1942.

*Roy McKittrick* and *B. Richards Creech* for appellant.

*Embry & Embry* for respondent.

BLAND, J.—Claimant, Charles H. Parks, having been denied old age assistance by the State Social Security Commission, appealed to the Circuit Court, where the decision of the Commission was reversed and the cause remanded to it for redetermination. The State Social Security Commission has appealed.

The facts show that claimant, at the time of the hearing before the Commission, was 77 years of age and was incapacitated from earning a living. He had no property of his own, except a cow, ten chickens and some household goods. He was supported by his wife who is possessed of cash in the sum of $821.82 and notes, acquired by her by inheritance, all of which cash and notes being of the aggrevate value of slightly over $1000.

The Commission found that claimant has income, resources, support and maintenance to provide a reasonable subsistence compatible with decency and health, and for these reasons old age assistance was denied.

The sole question presented in this appeal is whether a husband, without full means of support of his own, who is being supported in large part by his wife so as to provide him with reasonable subsistence compatible with decency and health, they having property of the aggregate value of less than $2000, may be denied old age assistance.

Section 9406, Revised Statutes 1939, provides that in determining the eligibility of an applicant for such assistance "it shall be the duty of the Commission to consider and take into account all facts and circumstances surrounding the applicant, including his earning capacity, income and resources, from whatever source received, and if from all the facts and circumstances the applicant is not found to be in need, assistance shall be denied. The amount of benefits when added to all other income, resources, support and maintenance, shall provide such persons with reasonable subsistence compatible with decency and health. Benefits shall not be payable to any person who:

"(1) Has made an assignment or transfer of property for the purpose of rendering himself eligible for benefits;

"(2) owns or possesses cash or negotiable security in the sum of $500 or more;

"(3) owns or possesses property of any kind or character in excess of $1500, or who has an interest in property the value of which exceeds said amount;

"(4) is married and actually living with husband or wife, if the value of his or her property, or the value of his or her interest in property together with that of such husband or wife exceeds $2000;

"(5) is an inmate of any public institution at the time of receiving benefits. An inmate of such institution may, however, make applica-

tion for such benefits, which if granted, shall not begin until after he or she ceases to be an inmate.

"(6) has earning capacity, income or resources, whether such income or resources is received from some other person or persons, gifts or otherwise, sufficient to meet his needs for a reasonable subsistence compatible with decency and the health."

Claimant insists that under the ruling of this court (Moore v. State Social Security Commission, 122 S. W. (2d) 391), he is in need, within the meaning of the statute, and that his wife is under no legal duty to support him. Claimant says that he "meets every qualification for old age assistance unless he is disqualified under said Subdivision (6) of Section 9406, Revised Statutes 1939. We submit that in view of the specific provisions of Subdivision (4), and the general provisions of Subdivision (6), as well as under the maxim *expressio unius est exclusio ulterius,* an applicant supported by his wife, where together they have less than $2000, is expressly excluded from the operation and disqualification of Subdivision (6). . . .

"In view of the provisions of Subdivision (4) of Section 9406, we submit that for the respondent to be disqualified under Subdivision (6), the support must come from some person other than his wife."

We think that the language of the statute is plain, but even were it subject to construction, the rules of statutory construction mentioned by claimant are not applicable. It is well established that in construing a statute, the *legislative intention is to be determined from a general consideration of the whole act* with reference to the subject matter to which it applied, and the particular topic under which the language in question is found, *and the intent as deduced from the whole will prevail over that of a particular part considered separately.* . . . It is a cardinal rule of construction of statutes that *effect must be given, if possible, to the whole statute and every part thereof.* To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not. (Italics ours.) [59 C. J., pp. 993 to 999 inclusive.]

Claimant's application for assistance must be tested not only by one of the disqualification clauses of section 9406 but all of them, including clause 6. Clauses 1 to 6 are all disqualifying clauses and are of equal weight and, if claimant is disqualified under any one of them, he is not entitled to old age assistance. [Chapman v. State Social Security Commission, 147 S. W. (2d) 157, 162.]

Claimant says that clauses 2, 3 and 4 are of equal dignity and "How can it be said that where a husband is living out of the wife's property within the limitations of Subdivision (4), he is disqualified for

assistance, where an individual claimant with $499 in his pocket and living out of that is not disqualified."

Reading the statute, as a whole, it does not mean to provide that a person having less than $500 in his pocket is not disqualified for he may have less and be disqualified under clause 6. This has been held by this court in two cases. [See Chapman v. State Social Security Commission, *supra*; Buettner v. State Social Security Commission, 144 S. W. (2d) 864.]

It would appear that, if claimant's contention were upheld, the intention of the Legislature in changing the Act of 1937 (see Laws 1937, p. 467), as construed by the courts, by the enactment of what is now sections 9406 and 9407, Revised Statutes 1939, would be nullified, at least in part. [See cases last cited; also, Howlett v. State Social Security Commission, 149 S. W. (2d) 806; Smith v. State Social Security Commission, 153 S. W. (2d) 741, 743.]

As was said in Howlett v. State Social Security Commission, *supra*, l. c. 812: "There may be cases, and no doubt there are many of them, in which a great injustice will be worked by the distinctions here made, . . . any argument as to its (the statute) unwisdom or injustice must be addressed to the Legislature and to the people rather than to the courts."

The judgment of the circuit court is reversed. All concur.