

# Missouri Court of Appeals
## Southern District

### In Division

| | |
|---|---|
| LOUIE R. KEEN, | ) |
| | ) |
| Appellant, | ) |
| | )    No. SD37345 |
| vs. | ) |
| | )    **Filed: January 6, 2023** |
| AMBER WOLFE, individually and in | ) |
| her capacity as Trustee of the April 4, | ) |
| 2011 Restatement of Revocable Trust | ) |
| Agreement of Rosetta Keen, and | ) |
| | ) |
| CYNTHIA KEEN, | ) |
| | ) |
| Respondents. | ) |

APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Robert J. Foulke, Judge

**<u>APPEAL DISMISSED</u>**

A trust beneficiary appeals the denial of his motion for summary judgment on his petition for a determination of the applicability of the trust's no-contest clause to a suit he brought against the trustee. We must dismiss the appeal because the order denying partial summary judgment is not an "order or judgment determining a petition" described in § 456.4-420.1[1] for which § 456.4-420.3 authorizes an appeal "as with other final

---

[1] Statutory references are to Missouri Revised Statutes (2016).

judgments."

## Background[2]

Rosetta Keen and Gary Keen owned and operated a farm. After Gary's[3] death, Rosetta operated the farm as a sole proprietorship. Rosetta later established a revocable trust. In the last month of her life, Rosetta executed a last will and testament as well as a restatement of her earlier trust.[4] As relevant here, the Trust contains a no-contest clause:

> If any beneficiary of this trust or any other person contests the validity of this trust or any provision of this trust or files any action or makes any claim seeking distribution to him or her of an amount larger than what is provided for herein, then the Trustees [*sic*] are directed to distribute nothing to said contesting or claiming beneficiary and that person shall receive nothing from this trust or trusts created herein nor anything from [Rosetta]'s estates.

Rosetta and Gary had three children: Louie Keen, Cynthia Keen,[5] and Amber Wolfe. When Rosetta passed away, Amber became the Trust's successor trustee.[6] Amber applied for and was granted letters testamentary by the Probate Division of the Circuit Court of Barry County, Missouri (the "Probate Court"), naming Amber personal representative of Rosetta's estate.

For the next two years, the parties litigated trust and estate issues in the Probate Court. After evidentiary hearings, the Probate Court reformed the Trust, made no-contest

---

[2] Appellant's suit is still in the early stage of litigation. The substantive facts have yet to be developed and determined. We recite background necessary to provide context for readers who are unfamiliar with the parties and their litigation history. **Smith v. Great Am. Assur. Co.**, 436 S.W.3d 700, 705 (Mo.App. 2014). We have borrowed significantly from facts stated in our prior opinion involving probate litigation between these same parties: **Estate of Keen**, 488 S.W.3d 73 (Mo.App. 2016). Our inclusion or exclusion of particular evidence in this opinion should not be understood as an endorsement thereof or comment thereon.

[3] Because some family members share the same surname, we refer to them by their first names. No familiarity or disrespect is intended.

[4] We refer to the April 4, 2011 Restatement of Revocable Trust Agreement of Rosetta Keen as the "Trust."

[5] Cynthia Keen has not filed a brief or otherwise participated in this appeal.

[6] We refer to Amber Wolfe as "Trustee" for actions taken in her successor trustee capacity.

findings, denied Louie's counterclaim, denied Louie's final settlement objections, and approved the final distribution of Rosetta's estate. Louie appealed. He raised nine points, six of which alleged error in the court's findings that the no-contest clauses in the Trust and in Rosetta's will had not been triggered by the litigation. In denying those points, we observed, "[T]he Trust's no-contest clause does not penalize anything other than a contest of the Trust itself, its provisions, or an action or claim seeking distribution of an amount larger than what is provided for in the Trust." *Keen*, 488 S.W.3d at 85 (internal punctuation omitted).

Years later, Louie filed suit against Trustee, alleging Trustee breached her duties by improperly calculating net profits to her benefit, by failing to timely respond to requests for information, and by failing to prepare an appropriate accounting of trust assets. He sought damages, removal of Trustee, a declaration that the no-contest clause had been triggered, and a determination that *this* litigation will not trigger the Trust's no-contest clause. The final count was brought under § 456.4-420.1, colloquially referred to as the "safe harbor" provision, which permits an interested person to petition "for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy."

Louie sought partial summary judgment as to the safe harbor count only. After oral argument and submission of written suggestions, the Probate Court entered an order denying Louie's motion for partial summary judgment.

Louie filed a notice of appeal. While the court's determination was on appeal, Louie moved to have the order denominated as a judgment and certified for appeal. The court granted Louie's motion and entered "JUDGMENT ORDER DENYING

3

PETITIONER'S SUMMARY JUDGMENT," which appears to be identical to the prior order except for the inclusion of "JUDGMENT" at the beginning of the title. The Probate Court also entered a separate "ORDER AND JUDGMENT" purporting to certify both the prior order and prior judgment for appeal under Rule 74.01(b).[7]

## No-Contest Clauses and Judicial Determinations Thereon

In the context of Missouri trust law, a "no-contest clause" is defined as, "a provision in a trust instrument purporting to rescind a donative transfer to . . . any person, or that otherwise effects a forfeiture of some or all of an interested person's beneficial interest in a trust estate as a result of some action taken by the beneficiary." *Knopik v. Shelby Invs., LLC*, 597 S.W.3d 189, 193 n.3 (Mo. banc 2020) (quoting § 456.4-420.6). "A no-contest clause in a trust serves a dual purpose: it permits the settlor to dispose of his own property as he sees fit, and it forces the grave consequence of a forfeiture upon the beneficiary who attempts to frustrate the intention of the donor as expressed in the disposing instrument." *Id.* at 191 (internal punctuation omitted). Missouri courts have "long held valid and enforceable provisions in wills and trusts instructing that a contest to the validity of the instrument will result in forfeiture." *Id.*

"In theory, the risk associated with the broad scope of these [no-contest] provisions should deter strike suits and other litigation designed to defeat the settlor's intent or objectives." Peter B. Allport & Robin Drey Maher, <u>Charting a Course in Complex Trust Litigation: Safe Harbors From In Terrorem Storms</u>, 48 Estate Planning 14, 14 (August 2021). "However, this risk may also have a chilling effect with respect to meritorious litigation or other actions that are consistent with a settlor's intent." *Id.*

---

[7] Rule references are to Missouri Supreme Court Rules (2022).

4

To address this dilemma, a "small but growing number of jurisdictions," including Missouri, "now offer beneficiaries a procedure pursuant to which a beneficiary may test their claims without the threat of loss." *Id.* While it is improper to manufacture a dispute for the purpose of manipulating a court into giving an advisory opinion about a question of law, *Knopik*, 597 S.W.3d at 193-95 (Wilson, J., concurring), § 456.4-420 provides a legal procedure whereby an interested person can obtain an early determination about the applicability of a no-contest clause before deciding whether to pursue litigation or other action. "In other words, . . . beneficiaries can bring suit with a 'safe harbor' to shelter their beneficial interests." Allport & Maher, *supra*, at 14.

The Supreme Court of Missouri has declined to declare no-contest clauses categorically inapplicable to actions for breach of trust and/or removal of a trustee. *Knopik*, 597 S.W.3d at 192-93. The test of "whether a beneficiary has violated a forfeiture provision of a trust depends on the facts of the case and the language of the forfeiture provision." *Id.* at 191-92. "The basic principle is that a no-contest or forfeiture provision is to be enforced where it is clear that the settlor intended that the conduct in question should forfeit a beneficiary's interest under the trust." *Id.* at 192 (internal punctuation omitted).[8] Accordingly, evidence to be considered is narrow in scope:

> In ruling on such a petition, the court shall consider the text of the clause, the context to the terms of the trust instrument as a whole, and in the context of the verified factual allegations in the petition. No evidence beyond the pleadings and the trust instrument shall be taken except as required to resolve an ambiguity in the no-contest clause.

---

[8] The intention of a settlor will govern, but only if it is not contrary to law or in violation of public policy. *Alexander v. UMB Bank, NA*, 497 S.W.3d 323, 327 (Mo.App. 2016). Section 456.4-420.1 contemplates the circuit court will consider whether application of a no-contest provision is enforceable "under applicable law and public policy." Missouri's General Assembly has predetermined the law will not tolerate application of a no-contest clause in certain circumstances. *See* § 456.4-420.7. In *Knopik*, the no-contest clause did not violate the law and the court had "no doubt" about its applicability. 597 S.W.3d at 191-92.

Section 456.4-420.2. A determination results in the no-contest clause being enforceable to the extent of the court's ruling. ***Knopik***, 597 S.W.3d at 193 (citing § 456.4-420.4).

### Authority for Appeal

"Before addressing the merits of this appeal, this Court has a duty to determine whether it has jurisdiction. The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." ***Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg***, 645 S.W.3d 473, 475 (Mo. banc 2022) (internal punctuation and citation omitted). *Accord **In re Kraus***, 318 S.W.3d 274, 276 (Mo.App. 2010) ("The right to appeal from a judgment of the probate division is purely statutory."). We must examine whether the appeal was timely filed under the appropriate statutory scheme and Supreme Court Rules. ***Sanford v. CenturyTel of Missouri, LLC***, 490 S.W.3d 717, 719 (Mo. banc 2016).

### *§ 456.4-420.3 Appeals*

The ruling challenged in this appeal is the denial of Louie's motion for partial summary judgment on the safe harbor count alone.[9] Louie contends this appeal is authorized by § 456.4-420.3, which states:

> An order or judgment determining a petition described in subsection 1 of this section . . . shall be subject to appeal as with other final judgments. If

---

[9] Louie also purports to challenge a finding that his filing of the petition in this matter triggered the no-contest clause. One sentence, in isolation, from the order could be read as supporting Louie's assertion. However, in the context of the entire order, the procedural posture of the case, and the statutory framework for litigation of the safe harbor provision, the Probate Court did not make and could not have made such a ruling. The order is captioned "ORDER DENYING PETITIONER'S SUMMARY JUDGMENT;" states that the matter before the court was "Petitioner's Motion for Partial Summary Judgment;" and the only ruling ordered, adjudged, and decreed was "that [Louie's] Motion for Partial Summary Judgment is hereby denied." No competing motion for summary judgment or other request for dispositive relief was pending before the Probate Court when it entered its order. Furthermore, when a petition contains a request for a safe harbor determination, the court must make such a determination *before* proceeding with any other claim for relief joined in the same petition. ***Thomas v. H'Doubler***, 627 S.W.3d 449, 457 (Mo.App. 2021); § 456.4-420.2. The purpose of § 456.4-420.1 would be completely subverted if a court made a safe harbor determination, and, in the same order, declared that the filing of such a petition already had invoked a trust's no-contest clause so as to work a forfeiture.

6

the order disposes of fewer than all claims for relief in a judicial proceeding, that order is subject to interlocutory appeal in accordance with the applicable rules for taking such an appeal.

Interlocutory appeals are uncommon in Missouri courts. It appears that, perhaps out of an abundance of caution, counsel and the court attempted to denominate an order subject to § 456.4-420.3 interlocutory appeal as a "judgment" to also conform to the requirements for appeal provided in Rule 74.01(b). With light editing, what the Supreme Court of Missouri recently observed in *Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, bears repeating:

> An interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal. Requiring the circuit court to inaccurately label its clearly interlocutory order as a judgment for the sole purpose of allowing [Louie] to perfect an appeal, which is authorized expressly by . . . statute[], defies reason and elevates form over substance. Moreover, requiring this inaccurate labeling merely to take an appeal from statutorily authorized orders does not comport with this Court's long-standing precedent to review the content, substance, and effect of the order entered and the circuit court's intent and purpose when doing so.

578 S.W.3d 758, 762 (Mo. banc 2019) (internal punctuation and citation omitted).

For purposes of appeal, interlocutory orders become final when entered if a statute gives a party the right to immediate appeal of that order. *Sanford*, 490 S.W.3d at 720-22. As in *Sanford*, § 456.4-420.3 does not change the interlocutory nature of the order; it simply makes the order appealable immediately on entry. Typically, "A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1). However, this rule does not apply to *interlocutory orders*, over which the circuit court retains authority to open, amend, reverse, or vacate. *Sanford*, 490 S.W.3d at 720-21. "Of course, once a notice of appeal is filed on the order . . . the trial court's jurisdiction to modify *that order*—for the time being—is relinquished to the appellate court." *Id.* at 721 (footnote omitted).

7

Louie had 10 days after entry of the order in which to file a notice of appeal. Rule 81.04(a). When he timely filed his notice of appeal, the Probate Court was divested of authority to alter or amend its determination on this issue. The subsequently entered judgment and Rule 74.01(b) certification were entered without authority and are nullities. ***Nicholson v. Surrey Vacation Resorts, Inc.***, 463 S.W.3d 358, 367 (Mo.App. 2015) (interlocutory appeal stays issue involved in the appeal; purported actions taken by trial court related to those issues during pendency of the interlocutory appeal are a nullity). Therefore, our review is limited to the interlocutory order from which Louie timely appealed.

*Denial of Summary Judgment is not a Basis for § 456.4-420.3 Appeal*

Section 456.4-420.3 makes interlocutory appeal available "as with other final judgments." This same subsection later refers to the court's decision as a "final ruling." ***Id.*** The inclusion of finality language underscores the principle that, for an appeal to lie under § 456.4-420.3, a no-contest determination must fully adjudicate and dispose of the claim. Although Missouri law provides for appeal from some interlocutory probate orders, "'it is well established that as to any specific proceeding, the rights of the parties must be fully adjudicated and all issues fully disposed of, or the order is not appealable.'" ***Wahlgren v. Wahlgren***, 446 S.W.3d 695, 698 (Mo.App. 2014) (quoting ***In re Estate of Ginn***, 323 S.W.3d 860, 863 (Mo.App. 2010)).

Finality may be straightforward when a petitioner seeks *only* a safe harbor determination. The situation is more complicated when, as is authorized and contemplated by § 456.4-420.3, a petitioner seeks a safe harbor determination along with "other claims for relief in a single judicial proceeding." When a court enters an order or judgment making a safe harbor determination but "disposes of fewer than all claims for

8

relief in a judicial proceeding, that order is subject to interlocutory appeal *in accordance with the applicable rules for taking such an appeal.*" **Id.** (emphasis ours).

At first glance, the safe harbor statute appears to contain a contradiction. The judgment or order must be a "final ruling" subject to appeal "as with other final judgments", § 456.4-420.3, yet § 456.4-420.1 provides for one and only one form of relief: an *interlocutory* determination on the applicability of a no-contest clause. It has long been the preference of Missouri courts to reconcile statutory language and give effect to the entire statute and every word and sentence when possible. ***Rasmussen v. Illinois Cas. Co.***, 628 S.W.3d 166, 175 (Mo.App. 2021); ***Parks v. State Soc. Sec. Comm'n***, 236 Mo.App. 1054, 160 S.W.2d 823, 825 (Mo.App. 1942); ***Ex parte Andrews***, 223 Mo. App. 858, 18 S.W.2d 580, 582 (Mo.App. 1929). In doing so, we attempt to apply a statute in a manner consistent with the legislative intent, avoiding unreasonable or absurd results. ***Murray v. Missouri Highway & Transp. Comm'n***, 37 S.W.3d 228, 233 (Mo. banc 2001).

It is absurd to think that the legislature intended to permit a petition for safe harbor determination within a suit seeking other relief and provided a right to interlocutory appeal of such a determination, yet did not intend for the determination to be appealable until final judgment was entered on all issues. The "as with other final judgments" language is contained within and must be understood in the context of the *effect* of the court's determination: the no-contest clause is enforceable to the extent of the court's ruling, the order "shall govern" application of the clause going forward, and if the order is "vacated, reversed, or otherwise modified on appeal," no interested person shall be prejudiced by their reliance on the order prior to final disposition of the appeal. In other words, the parties may rely on the order as if it were a final judgment on the issue

9

as they make strategic choices about interlocutory appeal and whether or how to proceed with litigation.

Our interpretation of the safe harbor statute also is informed and reinforced by cases interpreting § 435.440 interlocutory appeals regarding arbitration orders. As with a petition for safe harbor determination, rulings on motions to compel arbitration or applications for stay of arbitration typically arise early in litigation, and the court's determination significantly guides future arbitration/litigation and decisions by the parties.

An order denying arbitration is not a "final judgment" for appeal purposes when it does not resolve all issues in the case. *Sanford*, 490 S.W.3d at 719. Nevertheless, the Supreme Court of Missouri "recognizes the appealability of orders denying arbitration despite the fact that such orders are not final judgments, under the influence, if not the command of . . . [§] 435.440.1 . . . ." *Lawrence v. Beverly Manor*, 273 S.W.3d 525, 527 n.2 (Mo. banc 2009). Similarly, we recognize the right to appeal, pursuant to § 456.4-420.3, from orders determining applicability of a no-contest provision in a trust, despite the fact that the order is not a final judgment as would be required for appeal under the general appeals statute, § 512.020(5).

However, this right to appeal does not occur in a vacuum. The adoption of § 456.4-420.3 did not abrogate fundamental principles of appeal such as justiciability and appellate standing, which still apply "as with other final judgments." *Wooldridge v. Hull*, 604 S.W.3d 364, 368-70 (Mo.App. 2020). Similarly, § 453.4-420.3 only permits an appeal from an "order or judgment determining a final petition," which is later referred to as a "final ruling." The statute contemplates finality in the sense that the parties may rely on the court's safe harbor determination and not be prejudiced for that reliance, and

10

if an appeal is taken, the court of appeals may be satisfied that the circuit court has given due consideration and has fully ruled on the issue as it would a final judgment.

We now turn to the order in this case: denial of a motion for summary judgment. The parties do not cite, and we have not found, any cases in which a Missouri appellate court has reviewed the denial of summary judgment on a safe harbor determination. Such a ruling cannot qualify as an order or judgment "determining a petition," as described in § 456.4-420.1, when the result of the ruling is that the issue remains pending and undetermined. "The denial of a motion for summary judgment is not subject to appellate review . . . ." *Schnurbusch v. W. Plains Reg'l Animal Shelter*, 571 S.W.3d 191, 203–04 (Mo.App. 2019) (internal punctuation and citation omitted). The applicability of the no-contest clause to Louie's other pending claims, if pursued, must be adjudicated for an appeal to lie under § 456.4-420.3. That has not yet occurred in this case.

## Conclusion

The Probate Court's order denying partial summary judgment is not an "order or judgment determining a petition" described in § 456.4-420.1 for which a § 456.4-420.3 appeal will lie "as with other final judgments." Section 456.4-420.3 does not provide authority for Louie to appeal that order.

Appeal dismissed.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

11