**Ruth Ann CLAYTON,
Petitioner-Respondent,**

v.

**Curtis Talmadge CLAYTON,
Respondent-Appellant.**

**No. 46399.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 9, 1984.

Philip T. Ayers, St. Ann, for respondent-appellant.

John T. Sluggett, III, Clayton, for petitioner-respondent.

PER CURIAM.

This appeal arises out of a motion to modify the child custody provisions of a dissolution decree. In the decree, the wife was granted custody of the parties' two minor children. The husband filed a motion to modify the custody award. The court granted this motion, awarding custody of the children to the husband and granting the wife temporary custody and visitation rights. Eight days later, the wife filed a motion for a new trial. Fifty days after this, the court granted the wife's motion and ordered a new trial.[1] Twenty-five days after this order, the husband filed his notice of appeal from that order. We dismiss the appeal.

The trial court's grant of a new trial to the wife was the disposition of an authorized after trial motion. As such, this order became final upon entry, Rule 81.05, subject to review by this court upon a timely appeal. To be timely, the notice of appeal must be filed within ten days of the disposition of the motion. Rule 81.04. *Dayringer v. Mullen,* 651 S.W.2d 500, 502 (Mo.App. 1983). Because the husband's notice of appeal was not filed until 25 days after the disposition of the wife's motion, it is untimely, and this Court has no jurisdiction of this appeal. No leave for filing a late notice of appeal was requested or granted by this Court. Rule 81.07.

The appeal must be and is dismissed.

---

1. The file date stamped on the order and the minute entry of the order are three days after the date typed on the order. For our purposes here, this discrepancy is immaterial.