

# SUPREME COURT OF MISSOURI
## en banc

KYLE SANFORD,                )
                                 )
      Respondent,        )
                                 )
vs.                           )      No. SC95465
                                 )
CENTURYTEL OF MISSOURI, LLC  )
d/b/a CENTURYLINK,         )
                                 )
      Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
**The Honorable Christine Carpenter, Judge**

*Opinion issued June 28, 2016*

CenturyTel of Missouri LLC ("CenturyLink") appeals the trial court's order sustaining Kyle Sanford's motion for partial summary judgment and overruling CenturyLink's motion to compel arbitration. Section 435.440[1] makes orders denying arbitration immediately appealable. Under Rule 81.04(a), any such appeal must be filed "not later than 10 days after the judgment or order appealed from becomes final." The order denying arbitration became "final" under Rule 81.04(a) immediately upon entry. CenturyLink was incorrect in believing that, under Rule 81.05(a)(1), the 10-day period to appeal did not begin to run until 30 days after the trial court entered its order. The

---

[1] Unless otherwise indicated, citations are to RSMo 2000 or RSMo Supp. 2013.

purpose of Rule 81.05(a)(1) is to delay the effective date of a judgment for 30 days so that the trial court has continuing jurisdiction to modify or amend its ruling before it becomes final and appealable. An interlocutory order, however, does not become final 30 days after it is entered. It remains interlocutory throughout the case pursuant to Rule 74.01(b). The fact that a statute makes such an interlocutory order appealable despite its interlocutory nature does not make Rule 81.05(a)(1) applicable to it. It is not a judgment or dispositive order. For these reasons, an interlocutory order denying arbitration is immediately appealable upon entry under section 435.440. To the extent that *Motormax Fin. Services Corp. v. Knight, 474 S.W.3d 164 (Mo. App. 2015),* holds otherwise, it is overruled. Because CenturyLink did not timely file its appeal within 10 days of entry of the order denying arbitration, its appeal is dismissed.

## I. *STATEMENT OF FACTS AND PROCEDURAL HISTORY*

On January 27, 2012, Mr. Sanford purchased certain internet and phone services from CenturyLink. CenturyLink argues that Mr. Sanford agreed to its "Internet Services Agreement," which contains a mandatory arbitration clause for "any and all claims, controversies or disputes of any kind." On December 3, 2012, Mr. Sanford filed a class action petition in the trial court against CenturyLink, alleging that CenturyLink violated the Missouri Merchandising Practices Act, section 407.020, by charging customers a "Universal Service Fund Surcharge" on its high-speed internet services.

CenturyLink responded to Mr. Sanford's petition by moving to dismiss or stay trial court proceedings and to compel arbitration under the parties' agreement. The trial

court preliminarily overruled CenturyLink's motion on July 29, 2013, and ordered the parties to conduct discovery solely on the issue of arbitrability. On February 21, 2014, after limited discovery, Mr. Sanford moved for partial summary judgment limited to the issues of whether: (1) there was sufficient consideration to form a contract between CenturyLink and Mr. Sanford, and (2) the arbitration clause in the agreement applied to this type of dispute. Mr. Sanford argued that his claims against CenturyLink are outside the scope of the arbitration clause and, therefore, CenturyLink's motion to compel arbitration must be denied.

Following a hearing, the trial court, on July 10, 2014, entered an order denying arbitration: "After hearing and review of the pleadings the Court finds there is no genuine issue of material fact on the issue of consideration and the issue of arbitrability and the Movant is entitled to Partial Summary Judgment as a matter of law. Partial Summary Judgment is entered in favor of the Plaintiff as prayed." Confusingly, four days later, on July 14, 2014, the trial court entered an additional order: "Argument heard on Plaintiff's Motion for Partial Summary Judgment. Motion taken under advisement." No later orders have been entered on the issue of arbitrability.

On August 18, 2014, thirty-nine days after the trial court entered its July 10 order, CenturyLink filed a notice of appeal of that order under section 435.440. After an opinion by the court of appeals, this Court granted transfer. *MO. CONST. art. V, § 10*.

## II.    *CENTURYLINK'S NOTICE OF APPEAL WAS NOT TIMELY FILED*

Before reaching the merits of CenturyLink's appeal, this Court must first determine whether the appeal was timely filed under the appropriate statutory scheme and

this Court's rules. *See, e.g., Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012), and Greenbriar Hills Country Club v. Dir. of Rev., 47 S.W.3d 346, 351 (Mo. banc 2001).* Under section 512.020, "[a]ny party to a suit aggrieved by any judgment of any trial court … may take his or her appeal to a court having appellate jurisdiction from any … [f]inal judgment in the case …." "An appealable judgment resolves all issues in a case, leaving nothing for future determination." *Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997).* Generally, "[a] final judgment is a prerequisite to appellate review." *Ndegwa, 371 S.W.3d at 801.* "If the trial court's judgments are not final, this Court lacks jurisdiction and the appeal[] must be dismissed." *Gibson, 952 S.W.2d at 239.*

Here, the trial court's July 10, 2014 order did not resolve all issues in the case. Rather, the order sustaining Mr. Sanford's partial summary judgment motion ruled only on the issues of consideration and arbitrability. The order, therefore, was not a final judgment. Orders denying arbitration, however, fit within a limited exception to the general rule disallowing interlocutory appeals. Section 435.440.1(1), specifically provides that "[a]n appeal [may] be taken from … [a]n order denying an application to compel arbitration …." The trial court's July 10, 2014 order denied arbitration by sustaining Mr. Sanford's motion for partial summary judgment that requested, in part, that CenturyLink's motion to compel arbitration be overruled. That interlocutory order, therefore, became appealable under section 435.440.1(1).

The key question for purposes of this appeal is what deadline governs when such an interlocutory statutory appeal must be filed. Section 435.440.2 provides that an appeal under section 435.440.1 "shall be taken in the manner and to the same extent as from

4

orders or judgments in a civil action." Under Rule 81.04(a), "No such appeal shall be effective unless the notice of appeal shall be filed not later than *10 days* after the judgment or order appealed from becomes final." (Emphasis added). But, as just noted, an interlocutory order is, by definition, not "final" because Rule 74.01(b) provides that it remains modifiable and, therefore, "[a]t any time *before final judgment* a court may open, amend, reverse or vacate an interlocutory order." *Nicholson v. Surrey Vacation Resorts, Inc., 463 S.W.3d 358, 365 (Mo. App. 2015)* (emphasis added) (internal quotation marks and citation omitted).[2]

Because the July 10 order was immediately appealable upon entry, CenturyLink had 10 days from the date of entry to file a notice of appeal under Rule 81.04(a). CenturyLink did not file a notice of appeal until August 18, 2014, thirty-nine days later. As such, CenturyLink's attempt to appeal the order, under section 435.440 was untimely.

CenturyLink argues that this result is in error. It notes that Rule 81.05(a)(1) provides that "[a] judgment becomes final at the expiration of thirty days after its entry …." Rule 81.04(a) requires that a notice of appeal be filed within 10 days after a judgment becomes final. CenturyLink argues that this Court should treat the July 10

---

[2] In fact, it appears such a modification occurred here, for just four days after entering the July 10 interlocutory order sustaining the motion for partial summary judgment and denying arbitration – before CenturyLink's notice of appeal was filed – the trial court issued a new interlocutory order stating it was taking the motion for partial summary judgment under advisement. It is unclear whether the court inadvertently entered this order after it had sustained the motion or whether the court thereby indicated it was reconsidering the earlier ruling. Nonetheless, the court did not formally modify or withdraw that earlier ruling, so under section 435.440.1(1), the otherwise non-final and non-appealable July 10 interlocutory order was made immediately appealable upon entry.

interlocutory order denying arbitration as a judgment to which Rule 81.05(a)(1) is applicable because Rule 74.01 states that a "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." CenturyLink argues that because the July 10 order was made immediately appealable by statute, it therefore is a "judgment" under Rule 81.05(a)(1) and was not final and appealable until 30 days after it was entered. If true, then the "judgment" did not become final until August 9, giving CenturyLink until August 19 to file a notice of appeal under Rule 81.04(a). Because it filed a notice of appeal on August 18, CenturyLink says, its interlocutory appeal is timely.

As CenturyLink notes, *Motormax* followed this reasoning in holding that because the trial court's "order" denying Motormax's motion to compel arbitration was denominated a "judgment," under Rule 74.01(a), it was a judgment for purposes of Rule 81.05(a)(1) and only became final 30 days after entry and Motormax had 10 days after that to file a notice of appeal. *474 S.W.3d at 167–68*.

*Motormax* and CenturyLink, however, ignore the purpose and function of Rule 81.05(a)(1)'s delay of the finality of a judgment for 30 days. Its purpose is to allow the trial court to "retain[] control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time[,]" before an appeal is filed. *Rule 75.01*.

But, applying this 30-day window to interlocutory orders would be meaningless. A trial court does not need Rule 81.05(a)(1) to gain authority over an interlocutory

6

judgment. Rule 74.01(b) provides:

> … Any order … that adjudicates fewer than all claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order … *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added). For this reason, it is well-established that a trial judge has authority "[a]t any time *before final judgment* [to] … open, amend, reverse or vacate an interlocutory order." *Nicholson, 463 S.W.3d at 365* (emphasis added). Of course, once a notice of appeal is filed on the order denying arbitration, the trial court's jurisdiction to modify *that order* – for the time being – is relinquished to the appellate court.[3] But that does not change the fact that the order is still interlocutory. If the appeal is dismissed as untimely or no interlocutory appeal is taken, Rule 74.01(b) gives the trial court the authority to modify its order until final judgment is entered. *See id.* If this order was deemed a "judgment" and Rule 81.05(a)(1) applies, then, after 30 days, the judgment

---

[3] Generally, "upon filing of a notice of appeal[, after a *judgment* becomes final], a trial court loses almost all jurisdiction over a case … [except] to exercise functions of a purely ministerial or executive nature." *State ex rel. Stickelber v. Nixon, 54 S.W.3d 219, 223 (Mo. App. 2001)*. The parties do not address, and this Court has no occasion to consider, the extent of the trial court's authority over other aspects of a case while such an interlocutory order is pending on appeal. *Compare Katz v. Anheuser-Busch, Inc., 346 S.W.3d 533, 548 (Mo. App. 2011)* ("[t]he trial court retained jurisdiction to hear and enter an order staying the arbitration proceedings *because the trial court's decision did not interfere with the proceedings on appeal*" of the interlocutory order denying arbitration (emphasis added)), *with Janousek v. Doyle, 313 F.2d 916, 921 (8th Cir. 1963), citing, Ex Parte Nat'l Enameling & Stamping Co., 201 U.S. 156, 162 (1906)* ("An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. 'The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court, as though no such appeal had been taken, unless otherwise specially ordered.'").

7

would become final and the trial court would lose authority to amend its order even though it retains jurisdiction over the rest of the case. Here, the interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal. Rule 81.05(a)(1) simply does not apply to interlocutory appealable orders.

The July 10 order adjudicated only the issues of consideration and arbitrability; there are several other claims made by Mr. Sanford still waiting to be adjudicated in the trial court. Section 435.440.1(1) did not change the interlocutory nature of the order denying arbitration. It simply made that interlocutory order appealable immediately upon entry and temporarily divested the trial court's authority until the issue is resolved on appeal. Rule 81.05(a)(1) does not apply to delay the date on which the time for filing a notice of appeal of an order denying arbitration begins to run. Under Rule 81.04(a), CenturyLink had 10 days to file its notice of appeal, but failed to do so.[4]

In a similar circumstance, *Hershewe v. Alexander, 264 S.W.3d 717, 718 (Mo. App. 2008),* dismissed an appeal as untimely holding that "orders denying motions to compel arbitration are final and appealable immediately after the order has been issued and the notice of appeal must be filed within ten days of the final order denying an application to compel arbitration." This ruling was correct. To the extent that *Motormax* reached a contrary result, it was incorrect and should no longer be followed.

---

[4] Under Rule 81.07(a), even if the time for filing a notice of appeal has expired, a party may still "seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to the adverse parties filed within six months from the date the judgment [or order] appealed from became final for purposes of appeal …."

This result is consistent with other cases addressing when an interlocutory order becomes final for purposes of appeal when a statute gives a party the right to immediate appeal of that order. For example, much like section 435.440, section 472.160 creates an immediate right to appeal certain interlocutory probate orders.[5] In *Estate of Straszynski, 265 S.W.3d 394, 396 (Mo. App. 2008)*, the court dismissed the appeal of an interlocutory probate order as untimely under Rule 81.04(a) because it was not filed within 10 days of the date of entry because "[a]n interlocutory order that is permissively appealable pursuant to § 472.160.1 *is final upon entry*." (Emphasis added). Similarly, *Kemp v. Balboa, 959 S.W.2d 116, 118 (Mo. App. 1997)*, in interpreting the rules regarding appeal of the same type of interlocutory probate order, held:

> Section 472.160, provides a long list of orders, many clearly interlocutory in nature, which may be appealed from a probate proceeding. *Many of them do not purport to be a final determination of the rights of the parties.* In most there is no confusion as to when the pronouncement is final for purposes of appeal. *The orders listed in that section are ready for appeal when made*.

(Emphasis added).

Appealable interlocutory orders under section 435.440 are no different. They are not a final determination of the rights of the parties and, therefore, are not judgments. It

---

[5] While "[t]his Court's rules of civil procedure—Supreme Court Rules 41 through 101—generally exclude probate actions from their coverage," *In re Estate of Klauber, 59 S.W.3d 512, 514 (Mo. banc 2001)*, section 472.180 provides, "All appeals [under the probate code] shall be taken within the time prescribed by the rules of civil procedure relating to appeals." Therefore, Rule 81.04 applies to probate appeals just as it applies to appeals from the denial of arbitration under section 435.440: "An appeal [of the denial of arbitration] shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

9

is only when an order finally disposes of all issues that it can be treated like a final judgment, even though titled an "order" – such as in the case of Rules 29.15(k) and 24.035(k).[6] Orders under these rules – overruling or sustaining post-conviction motions – resolve every issue in the post-conviction case at hand. Because there are no other claims for the post-conviction court to address, the court's "order" entered under the post-conviction rules is, for purposes of Rule 74.01(a), a "judgment." Even so, to make clear that these rules provide an exception to the general rule that an order is not appealable, both of these rules specifically provide that "[a]n order sustaining or overruling a motion filed under the provisions of this [Rule] shall be deemed a final judgment for purposes of appeal by the movant or the state." There is no such provision for appeals of interlocutory orders that do not dispose of all issues in the case, yet are made subject to interlocutory appeal by statute. The July 10 order did not dispose of all claims in the case and is, therefore, an interlocutory order that was appealable under section 435.440 immediately upon entry.

Of course, as discussed in further detail in *Missouri Petroleum Storage Tank Ins. Fund v. ConocoPhillips Co., __ S.W.3d __ (Mo. banc 2016) (No. SC95444)*, also handed down this date, the failure to timely file its interlocutory appeal does not preclude CenturyLink from obtaining review of the denial of arbitration after final judgment. Under section 512.020(5), "a failure to appeal from any action or decision of the court

---

[6] *Cf. Rule 74.01(b); Tudor v. Behrend-Uhls, 844 S.W.2d 26 (Mo. App. 1992)* (ruling disposing of all claims as to a party and for which the judge certifies there is no just reason for delay is treated as a final judgment and is subject to Rule 84.01(a)).

before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in this case."

## III. CONCLUSION

The trial court's July 10, 2014 order sustaining Mr. Sanford's motion for partial summary judgment and overruling CenturyLink's motion to compel arbitration is an interlocutory order that was appealable under section 435.440 immediately upon entry. Rule 81.04(a) required CenturyLink to file a notice of appeal 10 days after entry of the order. It failed to do so until August 18, 2014, and, therefore, CenturyLink's appeal is dismissed as untimely.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.