**In the ESTATE OF Patricia A. KRUSZKA, Deceased;**

**John Leachman, Appellant,**

v.

**Richard Gregory, Respondent.**

**WD 79711**

Missouri Court of Appeals, Western District.

Opinion filed: March 28, 2017

Stephen J. Briggs, for Appellant.

Jonathan Sternberg, for Respondent.

Before Division Three: Victor C. Howard, Presiding Judge, Gary D. Witt, Judge and Zel Fischer, Special Judge

## VICTOR C. HOWARD, JUDGE

John Leachman appeals from a judgment entered in probate proceedings sustaining a claim of Richard Gregory against the Estate of Patricia A. Kruszka. Because Mr. Leachman's notice of appeal was untimely, the appeal is dismissed.

Ms. Kruszka died intestate on September 7, 2012. She was survived by two children, Mr. Leachman and Mr. Gregory. Letters of administration were issued, and Mr. Leachman was appointed the personal representative of the estate. Mr. Gregory asserted a claim against the estate for

approximately $215,000 for expenses paid for maintenance of estate real property. Upon motion of Mr. Leachman, the trial court designated the probate proceeding as adversarial under section 472.140 [1] and governed by the Missouri Rules of Civil Procedure pursuant to section 472.141.1. Thereafter, Mr. Gregory filed a petition to assert the claim against the estate, and a bench trial was conducted.[2] The probate court entered judgment on April 13, 2016, sustaining Mr. Gregory's claim against the estate in the amount of $165,411.19. Mr. Leachman filed his notice of appeal on May 23, 2016. Mr. Gregory filed a motion to dismiss the appeal as untimely, and the motion was taken with the case.

█ The right to appeal from a judgment of the probate court is purely statutory. *In re Kraus*, 318 S.W.3d 274, 276 (Mo. App. W.D. 2010). Section 472.180 provides, "All appeals [under the probate code] shall be taken within the time prescribed by the rules of civil procedure relating to appeals." Rule 81.04(a) requires that a notice of appeal be filed within ten days after a judgment becomes final.

█ Generally, orders of the probate court are interlocutory and not subject to appeal until final disposition. *Kraus*, 318 S.W.3d at 276. However, certain orders, judgments, and decrees enumerated in section 472.160.1 are subject to immediate appeal. *Id.* The statute provides, in relevant part, "Any person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases: (1) On the allowance of any claim against an estate exceeding one hundred dollars...." § 472.160.1(1). "The interlocutory probate orders listed in § 472.160.1(1)—(13) are final for purposes of appeal when they are entered." *Kraus*, 318 S.W.3d at 276.

Section 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable. Such expedited appeals serve the salutary purpose of allowing many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the administration of the estate. It follows that because an appeal from one of the orders listed in section 472.160 is permitted while the estate is still open, such orders are immediately appealable upon entry. The orders listed in section 472.160 are ready for appeal when made. *Id.* (quoting *In re Estate of Standley*, 204 S.W.3d 745, 748–9 (Mo. App. S.D. 2006)(en banc)).

█ Here, the judgment allowing Mr. Gregory's claim against the estate was entered on April 13, 2016, and was immediately appealable upon entry. Under Rule 81.04(a), Mr. Leachman had ten days from the date of entry to file a notice of appeal. He did not file his notice of appeal until May 23, 2016, forty days later. As such, Mr. Leachman's notice of appeal was untimely.

Mr. Leachman argues that because the probate court designated the underlying proceeding as adversarial under section 472.140 and governed by the Missouri Rules of Civil Procedure pursuant to section 472.141.1,[3] the April 13, 2016 judg-

---

1. All statutory references herein are to RSMo 2000, supplemented by amendments through the current date, unless otherwise noted.

2. Mr. Gregory's petition included two additional counts, and Mr. Leachman filed a counterclaim. These additional claims and

judgment on them are not at issue in this appeal.

3. Section 472.141.1 provides in pertinent part, "An adversary probate proceeding shall

ment was a judgment as defined in Rule 74.01(a) and the timeframe for appeal created by Rules 81.04 and 81.05 applied in this case. Specifically, he notes that under Rule 74.01(a), " '[j]udgment as used in these rules includes a decree and any order from which an appeal lies." Under Rule 81.05(a)(1), in the absence of a timely post-trial motion, a judgment becomes final thirty days after entry; and the notice of appeal must then be filed within ten days after the judgment becomes final under Rule 81.04(a). Thus, Mr. Leachman argues, the April 13, 2016 judgment became final thirty days after it was entered, and his May 23, 2016 notice of appeal filed within ten days after that was timely.

The Missouri Supreme Court recently rejected such argument in context of an appeal from the denial of a motion to compel arbitration. *Sanford v. CenturyTel of Mo., LLC*, 490 S.W.3d 717 (Mo. banc 2016). In *Sanford*, the defendant did not file a notice of appeal from the trial court's order denying a motion to compel arbitration until thirty-nine days after its entry. *Id.* at 719. As in the instant case, the defendant in *Sanford* argued that the trial court's order was a judgment under Rule 74.01(a) and, therefore, Rule 81.05(a)(1) applied and the judgment became final thirty days after it was entered. *Id.* at 720. If true, the defendant's notice of appeal was timely filed. *Id.*

The Missouri Supreme Court, however, found that Rule 81.05(a)(1) does not apply to appealable interlocutory orders. *Id.* at 721. It explained that the defendant's argument ignored the purpose and function of Rule 81.05(a)(1)'s delay of the finality of a judgment for thirty days. *Id.* at 720. The delay is to allow the trial court to retain control over judgments to vacate, reopen,

correct, amend, or modify judgments for good cause. *Id.* Such delay, however, is unnecessary and inappropriate for an interlocutory order because under Rule 74.01(b), a trial court has authority at any time before final judgment to open, amend, reverse, or vacate an interlocutory order. *Id.* Specifically, Rule 74.01(b) provides in pertinent part:

> [A]ny order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights or liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

If an appealable interlocutory order is deemed a judgment under Rule 74.01(a) and Rule 81.05(a)(1) applies, then the judgment would become final after thirty days and the trial court would lose authority to amend it even though it retains jurisdiction over the rest of the case. *Sanford*, 490 S.W.3d at 721. An interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal. *Id.* Because the defendant failed to file its notice of appeal ten days after entry of the order denying arbitration, the Supreme Court upheld the dismissal of its appeal as untimely. *Id.* at 723.

The Supreme Court noted that its result was consistent with probate cases addressing when an interlocutory order becomes final for purposes of appeal under section 472.160. *Id.* at 722. It observed that appeals under both Missouri's uniform arbitration act and the probate code shall be taken as prescribed by the rules of civil procedure. *Id.* at 722 n.5.[4] The probate

---

be governed by the civil code of Missouri and the rules of civil procedure."

4. As stated above, section 472.180 of the probate code provides, "All appeals shall be tak-

court's designation of the proceedings as adversarial, therefore, did not affect the appeal of the judgment approving Mr. Gregory's claim against the estate, which was already subject to the rules of civil procedure relating to appeals pursuant to section 472.180. Rule 81.05(a)(1) does not apply to appealable interlocutory orders under section 472.160.

Here, the probate court's April 13, 2016 judgment adjudicated Mr. Gregory's claim against the estate. It was not a decree of final distribution to conclude the administration of the estate. It was an interlocutory order that was appealable under section 472.160.1(1) immediately upon entry. Mr. Leachman, however, failed to file his notice of appeal within ten days of the entry of the judgment as required by Rule 81.04(a). His notice of appeal was untimely.

 The failure to file the interlocutory appeal does not preclude Mr. Leachman from obtaining review of the April 13, 2016 judgment after final judgment. Section 472.160 only creates a right of appeal, and the immediate appeal of orders encompassed by the statute is not mandatory. *Kraus*, 318 S.W.3d at 278. "If a party chooses not to exercise this right, the particular matter may be appealed following final settlement or other judicial action fully and finally disposing of the proceeding." *Id.* (quoting *In re Estate of Burg*, 68 S.W.3d 543, 545 (Mo. App. E.D. 2001)). Procedurally, the instant case remains in the same posture as if no permissive appeal had been attempted. *Id.*

The appeal is dismissed.

All concur.

en within the time prescribed by the rules of civil procedure relating to appeals." Similarly, section 435.440 of the Missouri uniform arbitration act provides, "An appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."