VICTOR C. HOWARD, JUDGE
George B. Sorensen, M.D., and Saint Luke's Physician Specialists, L.L.C. ("Defendants") appeal the trial court's order granting the motion for new trial of Wanda King, individually and as plaintiff ad litem for David King, Michael King, Tamara Nuckolls, Lea Ann Roach, and Tracy Rainey ("Plaintiffs"). Because Defendants' notice of appeal was untimely, the appeal is dismissed.
David King died from complications after Dr. Sorensen performed surgery to repair a large paraesophageal hernia. Plaintiffs brought an action for wrongful death and lost chance of recovery against the Defendants. After a six-day trial, the jury returned a verdict in favor of the Defendants. Plaintiffs filed a motion for new trial alleging in pertinent part that they were severely prejudiced by a juror's nondisclosure of a prior lawsuit filed against him and his wife. The trial court conducted an evidentiary hearing and thereafter denied Plaintiffs' motion for new trial concluding that Plaintiffs did not conduct a reasonable investigation as required by Rule 69.025 and thus waived any claim for relief. Plaintiffs appealed, and this court reversed finding that Plaintiffs did not waive their right to seek relief based on juror nondisclosure as prescribed by Rule 69.025. King v. Sorensen , 532 S.W.3d 209, 216 (Mo. App. W.D. 2017). The case was remanded with instructions for the trial court to further consider Plaintiffs'
*242 motion for new trial consistent with the ruling. Id. at 217.
On remand, the trial court entered its judgment/order granting Plaintiff's motion for new trial on January 25, 2018, finding that intentional juror nondisclosure had occurred. Defendants filed a motion for reconsideration of the order for new trial on February 23, 2018. On March 6, 2018, forty days after the judgment/order granting a new trial was entered, Defendants filed their notice of appeal. The trial court denied the motion for reconsideration on April 4, 2018.
"The right of appeal shall be as provided by law." Rule 81.01. Section 512.020(1), RSMo 2016, permits an appeal from an order granting a new trial.
"Timely filing of a notice of appeal is jurisdictional." Spicer v. Donald N. Spicer Revocable Living Trust , 336 S.W.3d 466, 471 (Mo. banc 2011) (internal quotes and citation omitted). If the notice of appeal is not timely, the appellate court is without jurisdiction and must dismiss the appeal. Id.
Section 512.050, RSMo 2016, prescribes the time for filing a notice of appeal. It provides, in relevant part:
When an appeal is permitted by law from a trial court and within the time prescribed, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.
§ 512.050. Similarly, Rule 81.04(a) provides, in pertinent part:
If an appeal is permitted by law from a trial court, a party may appeal from a judgment, decree, or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final.
The question in this case is when did the judgment/order granting a new trial become final for the purposes of filing a notice of appeal.
Defendants contend that the timeframe for appeal created in Rule 81.05 applied in this case. Rule 81.05 addresses the finality of judgments and the effect of authorized after-trial motions on finality for purposes of ascertaining the time within which an appeal may be taken. Under the rule, "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1). If a party files an authorized after-trial motion, the judgment becomes final on the earlier of ninety days from the date the last such motion was filed or the date when the last such motion is ruled (or thirty days after entry of the judgment, whichever is later). Rule 81.05(a)(2). Defendants argue that the January 25, 2018 judgment/order granting a new trial became final on April 4, 2018, when the trial court denied their motion for reconsideration and that they then had ten days to file their appeal. Alternatively, they argue that if the motion for reconsideration was not an authorized after trial motion and did not stay the time for filing a notice of appeal, the judgment/order became final thirty days after it was entered and their March 6, 2018 notice of appeal filed ten days after that was timely.
Similar arguments were recently rejected in two cases, Sanford v. CenturyTel of Mo., LLC , 490 S.W.3d 717 (Mo. banc 2016), and Estate of Kruszka , 514 S.W.3d 95 (Mo. App. W.D. 2017). In those cases, the Missouri Supreme Court and this court addressed the timeliness of notices of appeal from the denial of a motion to compel *243 arbitration and from the allowance of a claim against an estate, respectively. Sanford , 490 S.W.3d at 719 ; Kruszka , 514 S.W.3d at 96. The reviewing courts determined that Rule 81.05(a) did not apply to those appealable interlocutory orders. Sanford , 490 S.W.3d at 721 ; Kruszka , 514 S.W.3d at 97. They explained that the appellants' arguments ignored the purpose and function of Rule 81.05(a)'s delay of the finality of a judgment for thirty days, which is to allow the trial court to retain control over judgments to vacate, reopen, correct, amend, or modify judgments for good cause as provided under Rule 75.01. Sanford , 490 S.W.3d at 720 ; Kruszka , 514 S.W.3d at 97. Rule 75.01 applies to final judgments that dispose of all the issues pending in an adjudication. State ex rel. Kinder v. Dandurand , 261 S.W.3d 667, 671 (Mo. App. W.D. 2008). The delay in Rule 81.05(a), however, is not necessary or appropriate for an interlocutory order. Sanford , 490 S.W.3d at 720 ; Kruszka , 514 S.W.3d at 97. If a judgment is not final, the trial court retains jurisdiction over the case to enter a final judgment disposing of all remaining issues. Kinder , 261 S.W.3d at 671. Furthermore, under Rule 74.01(b), a trial court has authority at any time before final judgment to open, amend, reverse, or vacate the interlocutory order. Sanford , 490 S.W.3d at 720 ; Kruszka , 514 S.W.3d at 97. An interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal. Sanford , 490 S.W.3d at 721 ; Kruszka , 514 S.W.3d at 97. Rule 81.05(a), therefore, does not apply to delay the time that an interlocutory order becomes final for purposes of filing a notice of appeal. Sanford , 490 S.W.3d at 721.
Like the orders at issue in Sanford and Kruszka , the order granting a new trial in this case did not resolve all claims as to all parties. An order granting a new trial is interlocutory because it does not dispose of all disputed issues-quite the opposite, everything is left for future determination. State v. Johnston , 450 S.W.3d 457, 459 (Mo. App. W.D. 2014) ; State v. Carter , 78 S.W.3d 786, 787-88 (Mo. App. E.D. 2002).[1] Indeed, Defendants concede that the judgment/order granting a new trial in this case was interlocutory. They contend, however, that it was distinct from the orders at issue in Sanford and Kruszka in several ways and thus Rule 81.05 applied here.
First, Defendants contend that the right to appeal an order granting a new trial arises under a different statute ( section 512.020 ) than the other orders (sections 435.440 and 472.160, respectively). They assert that section 512.020 authorizes appeals from both an order granting a new trial (subsection 1) and from a final judgment (subsection 5), which strongly suggests that the time limits in Rule 81.05 apply in both situations. This argument is unsound, however, because section 512.020 also includes other dispositions that must be appealed within ten days of entry. For example, section 512.020(3) authorizes an appeal from an order granting or denying class action certification. Under Rule 84.035(a), a petition for permission to appeal such order must be filed within ten days of the entry of the order. " Section 512.020 merely lists the kinds of orders that, in addition to final judgments, are appealable; it does not purport to address the procedural requirements for the appeal." Spiece v. Garland , 197 S.W.3d 594, 596 (Mo. banc 2006).
Next, Defendants contend that unlike the orders in Sanford and Kruszka , *244 the trial court's grant of a new trial was denominated a "judgment" under Rule 74.01(a), therefore, the time limits of Rule 81.05 applied. Rule 74.01(a) provides in pertinent part:
"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.
While section 512.020 grants the substantive right to appeal in this case, it must be read in conjunction with the procedural requirements for appeal in Rule 74.01(a). Spiece , 197 S.W.3d at 595. Thus, as Rule 74.01(a) applies to this case, there can be no order from which an appeal lies unless the decree or order is entered and denominated a "judgment."[2] Id. In denominating the order granting a new trial as a "judgment," the trial court simply perfected the order for appeal as required by Rule 74.01(a). Id. at 596 (appeal from order granting of a new trial only proper after trial court entered judgment four days later). It did not convert the interlocutory order into a judgment for purposes of Rule 81.05.
Finally, Defendants contend that the instant case differs from Sanford and Kruszka because in those cases, the failure to file an interlocutory appeal did not preclude review of the interlocutory orders after final judgment. Sanford , 490 S.W.3d at 723 ; Kruszka , 514 S.W.3d at 98. They assert that the only way to prevent the wrongful grant of a new trial is to adjudicate that issue before a new trial is held. Defendants are correct that an order granting a new trial is not reviewable after a retrial of the case. Rogers v. Bond , 839 S.W.2d 292, 293 (Mo. banc 1992). "It is too late to complain after the second trial produces a different result. Allowing a party to choose the most profitable of the two judgments is a species of gambling not allowed in a court of justice." Id. (internal quotes and citations omitted). Additionally, unlike the interlocutory orders in Sanford and Kruszka , the trial court has no power to disturb an order granting a new trial after entry, and it is subject to review only on appeal. Clayton v. Clayton , 679 S.W.2d 431 (Mo. App. E.D. 1984) ; Dayringer v. Mullen , 651 S.W.2d 500, 502 (Mo. App. W.D. 1983) (trial court lacked jurisdiction to enter subsequent orders setting aside its grant of a new trial to defendants and entering judgment for plaintiff on jury verdict reduced by remittitur). These restrictions on the review of an order granting a new trial do not, however, leave an aggrieved party without recourse. As discussed, section 512.020(1) allows an appeal from an order granting a new trial before retrial. Furthermore, the limits on the review of a new trial order do not change the fact that the order is still interlocutory and not a final judgment. Rule 81.05(a) does not apply to appealable, interlocutory orders granting a new trial.
A trial court's order granting a new trial becomes final for purposes of appeal when entered. Clayton , 679 S.W.2d at 431 ; Dayringer , 651 S.W.2d at 502. To be timely, the notice of appeal must be filed within ten days of entry of the order granting a new trial. Rule 84.01(a); Clayton , 679 S.W.2d at 431 ; Dayringer , 651 S.W.2d at 502. See also Wicker v. Knox Glass Assocs. , 362 Mo. 614, 242 S.W.2d 566, 558 (1951), and Cotter v. Miller , 54 S.W.3d 691, 695 (Mo. App. W.D. 2001) (in both cases, judgments/orders were entered *245 for remittitur within a specified time as a condition to overruling motion for new trial, and remittitur was not made. Thus, the granting of new trial was final and appealable at the expiration of the time specified for remittitur, and appellant then had ten days under Rule 81.04 to file notice of appeal).
The judgment/order granting a new trial in this case became final for purposes of appeal on January 25, 2018, when entered. Defendants' March 6, 2018 notice of appeal, filed forty days after the judgment/order granting a new trial was entered, was untimely. No leave for filing a late notice of appeal was requested or granted by this court under Rule 81.07.
The appeal is dismissed.
All concur.

Unlike in civil cases, appeal does not lie from an order granting a new trial in a criminal case because no statutory authority exists granting the State a right to appeal from such interlocutory order. Johnston , 450 S.W.3d at 460 ; Carter , 78 S.W.3d at 788.

Some exceptions to the "denominated judgment" requirement exists that are not present in this case. For example, an order disposing of a post-conviction motion filed under Rules 24.035 or 29.15 need not be denominated as a judgment to be final for purposes of appeal. Watson v. State , 545 S.W.3d 909, 912 (Mo. App. W.D. 2018).