

# Missouri Court of Appeals
## Southern District
### Division Two

Julie Ann Thomas, )
)
        Appellant, )
)
  vs. )
)
Kurt E. H'Doubler, Individually and as Trustee )
of the F. T. H'Doubler, Jr., Revocable Trust dated )
May 2, 2000, and the Francis T. H'Doubler, Jr., )
Family Trust created thereunder, and as Co-Trustee )
of the F. T. H'Doubler, Jr., Irrevocable Trust dated )
May 1, 2000, and the Julie Ann Thomas Trust )
created thereunder, and as Trustee of the Joan L. )
H'Doubler Irrevocable Trust dated December 28, )
1982, and the Trust for the benefit of Julie Thomas )   No. SD36494
and the Credit Shelter Trust created thereunder, )
Sarah Ellen Meugge, Estate of Scott Wesley )   FILED: December 10, 2020
H'Doubler, Brian Meugge, Individually and as next )
friend of Simon F. Muegge and Benjamin W. )
Muegge, Beth McGee, individually and as next )
friend of Rivers C. McGee and Emmett McGee, )
Todd H'Doubler, Sally H'Doubler, Laurie Thomas, )
Becky Thomas, Colleen T. Walton, individually and )
as Co-Guardian of the person of Marie H'Doubler )
and Co-Conservator of the Estate of Marie )
H'Doubler, Gary T. Walton, Sr., in his capacity )
as Co-Guardian of the person of  Marie )
H'Doubler and Co-Conservator of the Estate of )
Marie H'Doubler, and Rick Steven Denney, )
)
        Respondents. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

1

**APPEAL DISMISSED**

Julie Ann Thomas ("Thomas") purports to appeal an interlocutory order of the trial court under the safe harbor provisions of section 456.4-420.[1] The trial court order she challenges, however, does not fall within the parameters of an order under that statute for which an appeal is authorized. Accordingly, the appeal is dismissed.

### Factual and Procedural Background[2]

In November of 2017, Thomas filed a verified second amended petition in the underlying trust dispute. That petition contained 184 paragraphs, each of which were incorporated by reference into Thomas' claims for relief for trust accountings (count 1), declaratory judgment (count 2), removal of trustees (count 3), and, as relevant here, an interlocutory safe harbor determination under section 456.4-420 as to whether Thomas' pursuit of any claim for relief in her petition would trigger any of the Trusts' no-contest clauses (count 4).

Trustees, in a subsequent filing addressing count 4, alleged that paragraphs 71, 119, 126, and 128 of Thomas' second amended petition ran afoul of and therefore triggered the enforcement mechanisms of the Trusts' no-contest clauses.

On December 20, 2018, the trial court issued an order ("the 2018 Order"), stating, *in toto*, "The Court finds and orders that Plaintiff's 119 and 128 does [sic] not violate the no contest provision of the trust. However, Plaintiff's 71 and 126 does [sic] violate the no contest provision of the trust." Presumably, as suggested by Trustees and asserted in the briefs of all parties in this

---

[1] All statutory references are to RSMo (2016).
[2] The lawsuit from which this appeal arises was brought by Thomas in her capacity as a beneficiary of several trusts. Two of those trusts, the F.T. H'Doubler, Jr. Irrevocable Trust dated May 1, 2000, and the F.T. H'Doubler, Jr. Revocable Trust dated May 2, 2000, ("the Trusts"), are relevant here in that they contain no-contest clauses (referred to, alternatively, as *in terrorem* clauses). Additionally, although Thomas' suit names several defendants in various personal and representative capacities, this opinion only occasionally refers to certain filings and arguments made by Kurt E. H'Doubler and Sarah Ellen Meugge (collectively referred to as "Trustees").

appeal, the 2018 Order is referencing paragraphs 71, 119, 126, and 128 of Thomas' second amended petition.

In the first week of November 2019, following a nearly one-year period of relative dormancy in the case, Trustees filed a motion for summary judgment.

A little more than a week later, Thomas filed a motion for leave to file the verified third amended petition that was attached to the motion (the "motion for leave"). The third amended petition asserted the same four claims as Thomas' second amended petition, and, with the exception of adding a new party to the case and omitting the two paragraphs that the trial court found in the 2018 Order triggered the Trusts' no-contest clauses, it was otherwise identical.

At the same time, Thomas also filed a motion for safe harbor determination under section 456.4-420 (the "safe harbor motion") that sought alternative forms of relief. According to Thomas, this motion "requested that, if the trial court granted leave to file her Third Amended Petition, the court also make a new Safe Harbor ruling regarding each of the claims stated in the Third Amended Petition[,]" and "[a]lternatively, if the trial court denied her request for leave, Thomas asked the trial court to reconsider its 2018 Order and enter its order as to whether each of Thomas'[ ] claims in the Second Amended Petition would trigger the No-Contest Clauses."

The parties' motions were taken up and argued over the course of two days in December of 2019. Following argument on the first day, December 5, the motion for leave was granted without objection. Following further argument on the second day, December 17, the remaining unresolved motions were taken under advisement.

Two days later, on December 19, 2019, the trial court entered an order stating, *in toto*, "Court has reviewed Plaintiff's Motion to Consider rule of 12/20/2018 is overruled and denied." No further rulings were issued on any other pending motion on that date.

On December 27, 2019, Thomas filed a notice of appeal. The jurisdictional statement in her brief asserts that the trial court's order entered on December 19, 2019 ("the 2019 Order") is appealable under the provisions of section 456.4-420.3. In her brief, Thomas raises three points relied on beginning, respectively, with the following assertions concerning the challenged trial court rulings or actions: (1) "[t]he trial court erred in denying Thomas'[] petition for a safe harbor ruling under [section] 456.4-420 on Thomas'[] Third Amended Petition …," (2) "[t]he trial court erred denying Thomas'[] motion for a safe harbor ruling pursuant to [section] 456.4-420 on Thomas'[] Third Amended Petition …[,]" and (3) "[t]he trial court erred in entertaining summary judgment on Thomas'[] claims without first issuing an interlocutory safe harbor ruling pursuant to [section] 456.4-420 as to the Third Amended Petition …."[3]

## Discussion

Before reaching the merits of this appeal, we must first determine whether the appeal is authorized under an appropriate statutory scheme and court rules. *Sanford v. CenturyTel of Missouri, LLC*, 490 S.W.3d 717, 719 (Mo. banc 2016). "The right to appeal is purely statutory and where a statute does not give a right to appeal, no right exists." *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399 (Mo. banc 2016).

Here, Thomas argues that her appeal is authorized by section 456.4-420.3. For the reasons set forth below, we disagree.

We begin by noting that Thomas is generally correct that section 456.4-420.3 contains provisions authorizing an appeal under certain enumerated circumstances. Those provisions, in pertinent part, are as follows:

> *An order or judgment determining a petition described in subsection 1 of this section* shall have the effect set forth in subsections 4 and 5 of this section, and

---

[3] After Thomas filed her notice of appeal of the 2019 Order addressed in this appeal, the trial court granted Trustees' motion for summary judgment on March 5, 2020.

4

*shall be subject to appeal* as with other final judgments.  If the order disposes of fewer than all claims for relief in a judicial proceeding, that order is subject to interlocutory appeal in accordance with the applicable rules for taking such an appeal.

Section 456.4-420.3 (emphasis added).

Under section 456.4-420.3, an appealable order or judgment must, as a preliminary matter, be "an order or judgment determining a petition described in subsection 1" of the statute.

That subsection provides, *in toto*:

If a trust instrument containing a no-contest clause is or has become irrevocable, an interested person may file a *petition* to the court *for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause* or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy.

Section 456.4-420.1 (emphasis added).

Here, Thomas asserts, without any citation to the record or legal authority, that the 2019 Order "from which this appeal is taken both denied Thomas'[ ] request for a safe harbor ruling as to her Third Amended Petition and denied her request that the court reconsider its prior ruling from 2018 as to the Second Amended Petition."  Only the latter assertion, however, is accurate.  The 2019 Order expressly and distinctly addressed and denied Thomas' alternative request in her safe harbor motion to reconsider the 2018 Order.  Thomas, however, does not challenge the trial court's denial of reconsideration of the 2018 Order in any of her points in this appeal.  In the absence of such a challenge, we need not address or discuss whether section 456.4-420.3 authorizes an appeal of the 2019 Order's denial of reconsideration of the 2018 Order.[4]

Rather, contrary to Thomas' assertion otherwise, the 2019 Order *does not* mention, address, or rule upon her request for an interlocutory determination of the claims for relief in *the*

---

[4] Trustees' motion to dismiss, asserting that Thomas' notice of appeal was not timely filed to appeal the 2018 Order, is denied.

5

*third amended petition*, as made by Thomas in her safe harbor motion or in count 4 of that petition. The 2019 Order is not, therefore, an "order or judgment determining a petition" described in section 456.4-420.1 for which section 456.4-420.3 authorizes an appeal. In other words, even though Thomas' safe harbor motion and count 4 of her third amended petition are both a "petition" as that term is used and defined in section 456.4-420.1, the 2019 Order is not "an order or judgment determining" either one. In the absence of such an order or judgment, section 456.4-420.3 provides no authority for Thomas to appeal the 2019 Order.[5]

## Decision

The appeal is dismissed.[6]

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J./P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[5] Thomas' first two points allege, respectively, that the trial court denied her petition and her motion for a safe harbor ruling on her claims for relief in the third amended petition. As explained, *supra*, these asserted trial court denials are not supported by the record of the 2019 Order. In her third point, Thomas appears to recognize and acknowledge that the record shows that the trial court has not issued a safe harbor ruling on the third amended petition. Regardless, however, her challenge in her third point to the trial court "entertaining" *summary judgment* clearly is not an appealable trial court order or judgment under section 456.4-420.3 and Thomas proffers no argument or authority that it is. Similarly, Thomas offers no other statutory authority granting her the right to appeal that challenged trial court ruling or action.

[6] Respondents' motion for attorney fees is denied.