

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| J & M SECURITIES, LLC, | ) | No. ED112941 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 1122-CC00774 |
| | ) | |
| STEPHEN L. BENNER, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Appellant. | ) | FILED: June 17, 2025 |

### Opinion

Stephen L. Benner (Appellant) seeks to appeal from the trial court's denial of his amended motion to dismiss. Appellant purportedly challenges the trial court's subject matter jurisdiction to revive a judgment in favor of J & M Securities, LLC (J&M). Because no appeal lies from the trial court's denial of the amended motion to dismiss, and Appellant did not directly appeal from the judgment of revival, we must dismiss this appeal for lack of jurisdiction.

### Background

In the original action, Plaintiff 94 Crossing, LLC secured Original Judgment against Appellant for breach of contract on November 17, 2011. Subsequently, Original Plaintiff assigned the Judgment to J&M. J&M moved to revive Original Judgment on July 15, 2021, which the trial court granted following a show-cause hearing on November 8, 2023 (Judgment of Revival). Appellant did not appeal from the Judgment of Revival.

On March 29, 2024, Appellant filed an "Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Amended Motion to Dismiss). Appellant's Amended Motion sought to dismiss the case on the grounds that J&M's assignment was invalid and thus J&M could not have revived the judgment. The trial court denied the Amended Motion to Dismiss. Appellant then moved for a rehearing, which was granted, and moved to vacate, set aside, or amend the judgment, which was denied. This appeal follows.

<u>Jurisdiction</u>

Before reaching the merits of an appeal, this Court must first determine whether the appeal was timely filed under the appropriate statutes and procedural rules. *Sanford v. CenturyTel of Mo., LLC*, 490 S.W.3d 717, 719 (Mo. banc 2016) (internal citations omitted). We find we lack jurisdiction to review the appeal from the trial court's denial of Appellant's Amended Motion to Dismiss. *See* § 512.020(5).[1]

Original Judgment in the underlying case was entered on November 17, 2011. Original Judgment was a final judgment in the case. *See id.* Following assignment of Original Judgment to J&M, J&M timely moved within ten years to revive Original Judgment on July 15, 2021 pursuant to Rule 74.09.[2] So long as a motion for revival is timely filed, a trial court generally should grant it as a matter of course, and "[g]rounds to show cause why the judgment should not be revived are limited." *Alamin v. Alamin*, 658 S.W.3d 94, 100 (Mo. App. W.D. 2022) (internal citation omitted). The Judgment of Revival was entered on November 8, 2023. At that time, Appellant had the opportunity to appeal from the Judgment of Revival as a special order after final judgment. *See* § 512.020(5). "A circuit court's order regarding the revival of a judgment is appealable as a 'special order after final judgment in the cause' pursuant to [§] 512.020(5)."

---

[1] All statutory references are to RSMo (2016).
[2] All Rule references are to Mo. R. Civ. P. (2025), unless otherwise noted.

*Unifund CCR Partners v. Cobbins*, 637 S.W.3d 372, 374 n.3 (Mo. App. E.D. 2021) (quoting

*Unifund CCR Partners v. Abright*, 566 S.W.3d 594, 594 n.2 (Mo. banc 2019)); *see also Allen v.*

*X & F Enter. Corp.*, 698 S.W.3d 748, 756 (Mo. App. W.D. 2024) (internal quotation omitted)

("A motion to revive a judgment is a special proceeding to aid in the recovery of the debt

evidenced by the original judgment, which makes the circuit court's order thereon a special order

after final judgment in the cause and, therefore, appealable under the provisions of

[§] 512.020."). Appellant did not appeal. *See* § 512.050 (providing a ten-day deadline for

appeal); *see also* Rule 81.04 (same).

Appellant also did not file any post-judgment motions, and the Judgment of Revival thus

became final after thirty days. *See* Rules 75.01, 78.04; *Allen*, 698 S.W.3d at 756. "Except as

authorized by law, a circuit court loses jurisdiction over a case when a judgment becomes final."

*State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 242 (Mo. banc 2019) (internal citation

omitted); *see* Rule 81.05(a)(1). "Following divestiture, any attempt by the trial court to continue

to exhibit authority over the case, whether by amending the judgment or entering subsequent

judgments, is void." *Id.* (internal quotation omitted). After the Judgment of Revival became a

final, appealable judgment, the trial court lacked jurisdiction to rule on any non-authorized after-

trial motions. *See id.*

Appellant sought relief in the trial court over four months after the Judgment of Revival

was entered. Appellant did not seek relief under Rule 74.06(b)(4), which permits a party to seek

relief from a judgment out of time on limited grounds, including that the judgment was void for

lack of subject matter jurisdiction. *See* Rule 74.06(b)(4); *New LLC v. Bauer*, 586 S.W.3d 889,

895 (Mo. App. W.D. 2019); *see also AJKJ, Inc.*, 574 S.W.3d at 242 (recognizing that a Rule

74.06(b) motion to set aside judgment is an authorized after-trial motion extending a trial court's

3

jurisdiction for ninety days after final judgment).  Instead, Appellant filed Amended Motion to Dismiss seeking (1) dismissal of the action with prejudice, (2) a declaration that Original Judgment was satisfied, and (3) an order that J&M return any collected funds.  Amended Motion to Dismiss alleged that J&M could not revive the judgment because its assignment was invalid and asked the trial court to dismiss the case for lack of subject matter jurisdiction.  Nowhere in the Amended Motion to Dismiss or its accompanying memorandum did Appellant cite Rule 74.06(b)(4) as a mechanism by which the trial court could review the Judgment of Revival.  Therefore, the trial court lacked authority to review or grant the Amended Motion to Dismiss.  *See AJKJ, Inc.*, 574 S.W.3d at 242; *New LLC*, 586 S.W.3d at 895.

Furthermore, Appellant's Amended Motion to Dismiss was an impermissible collateral attack on the Judgment of Revival, as even if there was an error with the assignment, which we do not hold there was, "any mistake of law should have been addressed on direct appeal."  *See Allen*, 698 S.W.3d at 758 (internal quotation omitted).  Although Appellant couches his challenge as one of subject matter jurisdiction, Appellant's attempt to transform a non-jurisdictional issue into a jurisdictional issue fails in light of this Court's repeated admonishments following *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009).  Appellant's arguments relating to J&M's assignee status do not question the court's subject matter jurisdiction but "really go to the court's authority to render a particular judgment in a particular case."  *Id.* at 254 (internal quotation omitted).  Where "[t]he present case is a civil case . . . the circuit court has subject matter jurisdiction, and, thus, has the authority to hear the dispute."  *Karrenbrock Constr., Inc. v. Saab Auto Sales & Leasing, Inc.*, 540 S.W.3d 899, 902 (Mo. App. E.D. 2018) (quoting *Webb*, 275 S.W.3d at 254).  Contrary to Appellant's contention, the trial court did not lack subject matter jurisdiction over the case.  *See id.*

4

We, however, lack jurisdiction over this appeal, as Appellant has failed to identify any jurisdictional basis for review. As explained above, Appellant did not appeal within ten days of the Judgment of Revival, nor did he seek relief from that judgment in the trial court through an authorized Rule 74.06(b) after-trial motion. "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (internal quotation omitted). Appellant's right to appeal from the special order of the Judgment of Revival under § 512.020(5) has long passed. Appellant's Notice of Appeal submitted that he was appealing from the trial court's May 28, 2024 order denying his Amended Motion to Dismiss, but Appellant has not shown that the trial court's order denying his motion to dismiss is a special order after judgment constituting a final, appealable judgment under § 512.020(5) or any other statute. *See Reynolds v. Berger*, 649 S.W.3d 322, 327 (Mo. App. E.D. 2022) (citing *Wilson*, 600 S.W.3d at 771) ("Whether the necessary criteria for an appealable final judgment are satisfied is a question of law that depends on 'the content, substance, and effect of the order,' rather than the circuit court's designation.").

Because Appellant identifies no statutory basis for appeal, we must dismiss the appeal for lack of jurisdiction. *See Wilson*, 600 S.W.3d at 767 (internal quotation omitted); *Sanford*, 490 S.W.3d at 719 (internal citations omitted).

<u>Conclusion</u>

The appeal is dismissed.

Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J. and
Virginia W. Lay, J., concur.

5